1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

8
9
10

GOOGLE LLC,

Movant,

v.

GANZ,

Respondent.

Misc. Case No. 2:21-mc-00039  RSL

**MOVANT'S MOTION TO COMPEL
RESPONDENT TO COMPLY WITH
SUBPOENA**

NOTE ON MOTION CALENDAR:
**APRIL 16, 2021**
**ORAL ARGUMENT REQUESTED**

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**MOVANT'S MOTION TO COMPEL RESPONDENT TO
COMPLY WITH SUBPOENA**

COOLEY LLP
1700 SEVENTH AVENUE
SUITE 1900
SEATTLE, WA  98101-1355
+1 206 452 8700

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................................. 1

BACKGROUND .................................................................................................................... 2

LEGAL STANDARD............................................................................................................. 4

ARGUMENT ......................................................................................................................... 4

CONCLUSION...................................................................................................................... 6

**MOVANT'S MOTION TO COMPEL RESPONDENT TO COMPLY WITH SUBPOENA**

i

COOLEY LLP
1700 SEVENTH AVENUE
SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

1

# TABLE OF AUTHORITIES

**Page(s)**

2

3

**Cases**

*Cen Com Inc. v. Numerez Corp.*,
    No. 17-0560, 2018 WL 4184335 (W.D. Wash. Aug. 31, 2018)..................................................5

*Ganz v. SM Kids*,
    No. 18-01357 (D. Del.) ....................................................................................... *passim*

*SM Kids, LLC v. Google LLC, et. al*,
    No. 18-cv-2637 (S.D.N.Y.) ...............................................................................1, 2

*Teradata Corp. v. SAP SE*,
    No. 20-mc-0074, 2021 WL 462658 (W.D. Wash. Feb. 8, 2011) .........................................4, 5

**Other Authorities**

Fed. R. Civ. P.
    26(b)(1) ...........................................................................................................................4, 5
    45(a)(1)(A)(iii) ...............................................................................................................4
    45(c)(1) ...........................................................................................................................4
    45(d)(2)(B).......................................................................................................................4
    45(e)(1)(A).......................................................................................................................4

**MOVANT'S MOTION TO COMPEL RESPONDENT TO COMPLY WITH SUBPOENA**

ii

COOLEY LLP
1700 SEVENTH AVENUE
SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

Pursuant to Federal Rule of Civil Procedure 45(d), Movant Google LLC ("Google") moves to compel Respondent Ganz to produce certain documents responsive to a subpoena that Google served on Ganz in connection with *SM Kids, LLC v. Google LLC, et. al*, No. 18-cv-2637 (S.D.N.Y.) (LGS), which is currently pending in the Southern District of New York.

## INTRODUCTION

Google seeks documents in Ganz's possession that are relevant to the claims and defenses at issue in the lawsuit brought by SM Kids, LLC ("SM Kids"), but previously withheld from production by Ganz.  In particular, Google seeks any withheld communications between SM Kids and Ganz relating to any commercial activities under the GOOGLES mark, as well as an unredacted version of a discovery letter and accompanying exhibits previously produced in redacted form by Ganz.

In response to Google's subpoena dated February 5, 2021, Ganz collected and produced documents responsive to Google's requests; however, it withheld a subset of the collected documents from production after SM Kids threatened it with sanctions.  SM Kids argued that Ganz may not produce any documents containing information deemed to be confidential under the operative protective order in *Ganz v. SM Kids*, No. 18-01357 (D. Del.) ("*Ganz*") or relating to communications between the parties during settlement discussions regarding commercial activities under the GOOGLES mark.  As a result, Ganz withheld such communications, along with an unredacted version of a discovery letter and accompanying exhibits.

A review of both the *Ganz* protective order and mediation order reveals that SM Kids' threats are baseless.  The protective order in *Ganz* allowed for materials to be designated "Confidential" if they constituted: "(i) confidential or competitively sensitive technical, sales, marketing, or financial information of the producing party, [] (ii) private or confidential personal information, (iii) information that the producing party is under a legal obligation to maintain as confidential, or (iv) which the producing party believed in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil procedure." (*Ganz*, ECF No. 21 at 2). In

**Movant's Motion to Compel Respondent to
Comply with Subpoena**          **1**

Cooley LLP
1700 Seventh Avenue
Suite 1900
Seattle, WA 98101-1355
+1 206 452 8700

addition, the *Ganz* protective order stated that, the "Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case." (*Id.* at 13).

With respect to the communications between the parties, Google does not seek the production of any confidential settlement terms; rather, it seeks statements made by SM Kids and its counsel regarding the nature and extent of any commercial activities of SM Kids and its purported predecessors-in-interest under the GOOGLES mark, as well as about any third parties assisting with such activities. Thus, the mediation order does not shield such communications from discovery, as it specifically applies to the parties' mediation statements and the "mediation conference discussions." (*Ganz*, ECF No. 25 at 6).

Google respectfully asks this Court to issue an order compelling Ganz to produce the unredacted discovery letter, accompanying exhibits, and the relevant communications between the parties.

## **BACKGROUND**

On February 23, 2018, SM Kids filed a complaint in New York Supreme Court alleging that Google had breached the Settlement Agreement. Google removed the matter to the United States District Court for the Southern District of New York. (ECF No. 1).[1]  On August 24, 2018, Google moved to dismiss pursuant to Rule 12(b)(1) for lack of standing. (ECF No. 80). On July 16, 2019, the Court granted Google's Rule 12(b)(1) motion, finding that SM Kids lacked rights in the GOOGLES mark because there had been no use of the mark in commerce since at least as early as 2010. (ECF No. 76). The Court also found that SM Kids could not "show that the transfer of goodwill accompanied each purported assignment of the Googles mark, particularly the assignment of the mark to Plaintiff[.]" (ECF No. 76 at 5-7, 9). Thus, the Court dismissed the case under Rule 12(b)(1).

---

[1] ECF cites refer to the docket of *SM Kids, LLC v. Google LLC, et. al*, No. 18-cv-2637 (S.D.N.Y.) (LGS) (SDA).

MOVANT'S MOTION TO COMPEL RESPONDENT TO
COMPLY WITH SUBPOENA                    **2**

COOLEY LLP
1700 SEVENTH AVENUE
SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

SM Kids appealed the Court's decision to the Second Circuit, which vacated the judgment and remanded the case.  The Circuit held that, insofar as SM Kids lacked rights in the GOOGLES mark, as the District Court had concluded, that was a question of SM Kids' contractual (or prudential) standing, not subject matter jurisdiction.  (ECF No. 96-1 at 8-9, 16-17).  The Second Circuit did not reverse the District Court's findings relating to SM Kids' rights in the GOOGLES mark or the validity of the purported trademark assignments at issue.  (ECF No. 96-1 at 16-17).  The case has now been remanded to the District Court, which has ordered that fact discovery be concluded by March 29, 2021.  (ECF No. 223).

On February 5, 2021, Google personally served a Rule 45 document subpoena on Ganz.  The subpoena contains a request for: "All correspondence between the parties in Ganz v. SM Kids, LLC, No. 18-cv-01357 (RGA) (D. Del. 2018)."  (Ex. A at 9).  In response, Ganz produced responsive documents including a redacted version of a discovery letter, which appears to discuss, at a minimum, topics such as the alleged chain of title of the GOOGLES mark or the role of various third-parties with the GOOGLES business; however, it withheld from production the unredacted discovery letter, accompanying exhibits, and a set of communications in which SM Kids' makes representations about its commercial activities under the GOOGLES mark.

As explained above, it appears that Ganz was willing and able to produce an unredacted version of the discovery letter and all of the relevant communications until SM Kids intervened.  Obfuscating discovery, SM Kids threatened to sanction Ganz over the production of these documents. (Ex. B at 3). SM Kids went so far as to question why Ganz has not "destroyed all of the documents produced in the [*Ganz*] action." (*Id.* at 6).  Ganz has since declined to produce the relevant documents, presumably to avoid further litigation with SM Kids.

Google therefore now moves this Court for an order directing Ganz to comply with the subpoena, so that Ganz may be free from any threat of sanctions from SM Kids in duly responding to Google's document request.

MOVANT'S MOTION TO COMPEL RESPONDENT TO COMPLY WITH SUBPOENA       **3**

COOLEY LLP
1700 SEVENTH AVENUE
SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 45, a party may serve a subpoena that commands a non-party to, among other things, "produce designated documents . . . in that [party's] possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). A subpoena recipient is required to produce responsive documents in response to that subpoena, Fed. R. Civ. P. 45(e)(1)(A), unless the recipient objects to the requests in the subpoena within 14 days, Fed. R. Civ. P. 45(d)(2)(B). Once, the recipient objects, the serving party may move the court to compel the recipient's compliance with the subpoena. *Id.* The movant must move to compel in the district court that serves as the compliance court, Fed. R. Civ. P. 45(c)(1), which in this case, is the United States District Court for the Western District of Washington.

**ARGUMENT**

Sharing the same scope of discovery as under Rule 26, a Rule 45 subpoena may seek discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Teradata Corp. v. SAP SE*, No. 20-mc-0074, 2021 WL 462658, at *2 (W.D. Wash. Feb. 8, 2011) (quoting Fed. R. Civ. P. 26(b)(1)). Google's subpoena is well within the scope of Rule 26(b) because it seeks documents that are relevant to the claims and defenses in the SM Kids case. In particular, the discovery letter, exhibits, and communications between Ganz and SM Kids may contain admissions by SM Kids concerning the offerings under the GOOGLES mark, including the use of the GOOGLES mark itself, revenue derived from the offerings, the functionality or purpose of the website at www.googles.com, or any other number of potentially relevant topics, given the overlap between the scope of the litigation in *Ganz* and this case.[2] To be clear, Google is not seeking settlement communications that are irrelevant, such as communications between Ganz and SM Kids related to the scheduling of the mediation, or that

---

[2] Six months after SM Kids sued Google, Ganz sued SM Kids for breaching a trademark coexistence agreement that the two parties had entered into in January of 2001. (*Ganz v. SM Kids, LLC*, No. 18-cv-01357 (RGA) (D. Del.) ("*Ganz*", ECF No. 1 at 1, 4). The dispute between the parties focused, in part, on SM Kids' rights under the GOOGLES mark—the same rights that are at issue in SM Kids' litigation against Google. (*See generally Ganz*, ECF No. 1).

COOLEY LLP
1700 SEVENTH AVENUE
SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

1     are confidential settlement terms between Ganz and SM Kids.

2        Nor is this request burdensome on *Ganz*. Google understands that Ganz has already

3 collected these documents for production and is only withholding them because of the threat of

4 litigation from SM Kids. SM Kids claims that these documents are shielded from discovery due

5 to the protective order in *Ganz*. Its argument is baseless and inappropriate. The operative

6 protective order in this case contains a functionally identical definition of "Confidential" material

7 to the protective order in *Ganz*, (ECF No. 48 at 2; *see supra* pages 1-2), and also states that it is

8 not designed to preclude another court from finding that discovery may be relevant and subject to

9 disclosure in another case, (*Ganz*, ECF No 21 at 13). Thus, any confidential information in the

10 settlement communications would be protected by the operative protective order in SM Kids'

11 litigation against Google.

12        The documents Google seeks are also not protected by the Delaware District Court's

13 mediation order or Federal Rule of Evidence 408. First, the Delaware Court's mediation order

14 only applied to the "contents of the mediation statements and the mediation conference

15 discussions, including any resolution or settlement[.]" (*Ganz*, ECF No. 25 at 5). Google is not

16 seeking the parties' mediation statements or discussions during the mediation. Google is seeking

17 the parties' communications outside of the mediation. Second, Federal Rule of Evidence 408 only

18 "precludes evidence of an offer to compromise as an admission of, as the case may be, the validity

19 or invalidity of the claim[;] [h]owever, the evidence is allowed for other purposes." *Cen Com Inc.*

20 *v. Numerez Corp.*, No. 17-0560, 2018 WL 4184335, at \*8 (W.D. Wash. Aug. 31, 2018); *see also*

21 *Teradata Corp.*, 2021 WL 462658, at \*2 ("Information within the scope of discovery need not be

22 admissible in evidence to be discoverable" (quoting Fed. R. Civ. P. 26(b)(1)).

23        Thus, given the relevance of the sought after communications and the fact that Ganz would

24 produce them absent a continuing threat from SM Kids, Google respectfully requests that the Court

25 order Ganz to produce these documents.

26

MOVANT'S MOTION TO COMPEL RESPONDENT TO
COMPLY WITH SUBPOENA       **5**

COOLEY LLP
1700 SEVENTH AVENUE
SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

## **CONCLUSION**

For the foregoing reasons, Google respectfully requests that this Court order Ganz to produce an unredacted version of the discovery letter at issue, accompanying exhibits, and the communications between Ganz and SM Kids, and their respective counsel, responsive to the subpoena.

Dated:  March 29, 2021

*/s/ Christopher B. Durbin*

Christopher B. Durbin (WSBA #41159)
COOLEY LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101-1355
Tel.: (206) 452-8700
Fax: (206) 452-8800
Email: cdurbin@cooley.com

Brendan Hughes (PHV Application Forthcoming)
COOLEY LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, D.C.  20004
Telephone: (202) 842-7800
Email: bhughes@cooley.com

Charles Low (PHV Application Forthcoming)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6000
Email: chlow@cooley.com

Attorneys for Movant GOOGLE LLC

MOVANT'S MOTION TO COMPEL RESPONDENT TO COMPLY WITH SUBPOENA
**6**
COOLEY LLP
1700 SEVENTH AVENUE
SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

1

## <u>CERTIFICATE OF SERVICE</u>

2       I hereby certify that on March 29, 2021, I caused a true and correct copy of the foregoing

3   document to be served via email upon the party addressed below:

4                               David A. Perez
                                PERKINS COIE
5                               1201 3rd Ave #4900
                                Seattle, WA 98101
6                               Tel:  (206) 359-8000
                                Fax: (206) 359-9000
7                               Email:  DPerez@perkinscoie.com
                                *Counsel for Respondent Ganz*
8

9

Date: March 29, 2021                    */s/ Charles Low*
10                                      Charles Low
                                        COOLEY LLP
11                                      55 Hudson yards
                                        New York, NY 10001
12                                      Tel.: (212) 479-6000
                                        Email: chlow@cooley.com
13

14

15

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE